**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ARTHUR ROY MORRISON, ) | | |
| TDCJ-ID # 1492042, ) | | |
|     Plaintiff, ) | | |
| vs. ) | No. 3:15-CV-2947-G-BH | |
| ) | | |
| UNITED STATES DISTRICT COURT, ) | | |
| Dallas Division, ) | | |
|     Defendant. ) | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3-251*, this prisoner case has been automatically referred for pretrial management. Before the Court are the plaintiff's *Application to Proceed In Forma Pauperis* (doc. 4); *Motion to Consolidate* (doc. 7); *Motion to Abrogate Prison Litigation Reform Act* (doc. 9); and *Motion for Bench Warrant for Oral Argument* (doc. 10), all received September 10, 2015. Based on the relevant filings and applicable law, the application to proceed in forma pauperis and the motions to consolidate, to abrogate and for a bench warrant should be **DENIED**, and this case should be **DISMISSED** under 28 U.S.C. § 1915(g) unless the plaintiff timely pays the applicable filing fee.

**I. BACKGROUND**

Arthur Roy Morrison (Plaintiff), an inmate at the TDCJ Clements Unit, seeks mandamus review of the dismissal as frivolous of three civil cases he previously filed in this district: *Morrison v. Pitman,* No.3:94-CV-2734-G (N.D. Tex. Aug. 1, 1996); *Morrison v. Punlte*, No.3:94-CV-2652-T (N.D. Tex. Dec. 28, 1995); *Morrison v. Kimmons,* No. 3:94-CV-2735-H (N.D. Tex. Dec. 5, 1995),

*appeal dism'd*, No. 96-10237 (5th Cir. May 8, 1996).[1] He seeks "the correction of erroneous denials with prejudice to dismissed for want of prosecution." (doc. 3 at 2.) He argues that "the merits of the cases were not reached . . .[and he] procedurally defaulted, want of prosecution", so they should not count as strikes for purposes of the three-strikes rule in the Prison Litigation Reform Act (PLRA). (doc. 9 at 1.) He also moves to consolidate the three cases (doc. 7), to abrogate the PLRA (doc. 9), and for a bench warrant for an oral argument on his motion to abrogate (doc. 10).

## II. THREE STRIKES

As a prisoner in the state prison system seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the PLRA, 28 U.S.C. § 1915.[2] One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g). It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

In addition to the three cases that are the subject of Plaintiff's application for writ of mandamus, he has had at least four other prisoner civil actions or appeals dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Morrison v. Kimmons*, No. 3:96-

---

[1] Each of these three cases was expressly dismissed as frivolous pursuant to the provisions of 28 U.S.C. § 1915(d). (*See* No.3:94-CV-2734-G, docs. 11, 13 and 14; 3:94-CV-2652-T, docs. 3, 4 and 5; No. 3:94-CV-2735-H, docs. 3, 5 and 6.)

[2] The Fifth Circuit Court of Appeals has held that "a writ of mandamus 'is not an independent civil action, but may be considered as a type of appeal.'" *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) (quoting *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)). When a writ of mandamus is filed by a prisoner seeking to proceed *in forma pauperis*, "the nature of the underlying action" determines the applicability of the PLRA. *Id.*; *In re Stone*, 118 F.3d at 1034. Because the underlying actions for this case are all civil in nature, Plaintiff is subject to the applicable filing fee provisions of the PLRA. *See In re Crittenden*, 143 F.3d at 920 (recognizing that the PLRA applies to civil actions).

...

CV-0711-G (N.D. Tex. Feb. 27, 1998); *Morrison v. Bowles,* No. 3:96-CV-1510-D (N.D. Tex. Jul. 8, 1997); *Morrison v. Bowles*, No.3:96-CV-1304-P (N.D. Tex. Oct. 30, 1996); *Morrison v. Sherba,* No.3:95-CV-1325-D (N.D. Tex. Aug. 6, 1996). On at least four prior occasions, a judge in this district has refused to allow him to proceed *in forma pauperis* based on the "three strikes" rule. *See Morrison v. Clerk of the United States District Court, Amarillo, et al.*, No.2:15-CV-046-J (N.D. Tex. Feb. 3, 2015); *Morrison v. Court of Criminal Appeals,* No.3:10-CV-1619-P (N.D. Tex. Feb. 28, 2011); *Morrison v. Watkins,* No.3:09-CV-2116-N (N.D. Tex. Jan. 29, 2010); *Morrison v. Gholston,* No.3:96-CV-0953-G (N.D. Tex. Mar. 2, 1998). Accordingly, even if the three cases at issue are not counted, he may still not proceed without the prepayment of the applicable filing fees under 28 U.S.C. § 1915(g)[3] unless he shows that he is subject to imminent danger of serious physical injury. He has not made this showing.

### III.  MOTION TO ABROGATE PLRA AND FOR BENCH WARRANT

Plaintiff also argues that because the three cases of which he complains were dismissed prior to the enactment of the PLRA in April 1996, they cannot be counted under § 1915(g), and he expressly moves to abrogate the PLRA. (doc. 9.) He also seeks a "bench warrant for oral argument" on his motion to abrogate. (doc. 10.)

All three cases were filed, and two were resolved, before the PLRA's enactment. One case, No. 3:94-CR-2734-G, was resolved after the PLRA was enacted. The United States Court of Appeals for the Fifth Circuit has held that cases dismissed as frivolous before the enactment of the

---

[3] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*

3

PLRA count as "strikes." *Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (counting as a "strike" a district court's dismissal prior to enactment of the PLRA, of a frivolous § 1983 claim). It has also held that the "three-strikes" provision applies to cases pending prior to the enactment of the PLRA.

> Although section 1915(g) attaches consequences to past actions, we find that these consequences are matters of procedure. Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or h er access to the courts. A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures . . . Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee. This requirement is neither novel or penal. It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else.

*Id.* at 386-87. Plaintiff's three earlier cases are therefore properly counted as strikes.

To the extent that Plaintiff's motion to abrogate the PLRA is intended to be a challenge to its constitutionality, the Fifth Circuit has upheld the constitutionality of the PLRA and its fee provisions. *See Miller v. Harris County, Texas*, No. 10-20047, 2010 WL 3824231, *2 (5th Cir. Sept. 23, 2010) (per curiam); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). His motion to abrogate the PLRA and his motion for a bench warrant for an oral argument concerning the motion should be denied.

### IV. MOTION TO CONSOLIDATE

Plaintiff also seeks consolidation of the three cases of which he complains. He has shown no basis for consolidation of these long-closed cases. As noted above, even if these cases were consolidated, he would still be subject to the PLRA because he has had at least four other prisoner civil actions or appeals dismissed as frivolous or for failure to state a claim upon which relief may be granted. His motion to consolidate should be denied.

## V.  RECOMMENDATION

Plaintiff's application for leave to proceed *in forma pauperis* and motions to consolidate, to abrogate the PLRA, and for a bench warrant should be **DENIED**.  All of his claims should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless he pays the full filing fee prior to acceptance of this recommendation, or before a deadline otherwise established by the Court.

**SIGNED this 22nd day of September, 2015.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE